Curia, per

Richardson, J.
The ground of the Circuit decision is, that after the assessment of the debt and interest by the Clerk, nothing remained for the court to do.-— The plaintiff’s chose in action was no longer merely under the interlocutory judgment, which assumes that money is admitted to be due; but became, by the assessment of the *320 8th of January, res judicata, or a debt of record, ascertained and adjudged, and nothing remained but to enter up the written formula of such judgment. But this the 11th rule of court required to be postponed to the last day of the term, when all judgments of the same term are to be so entered up on the same day.
After what has been said of this rule of court, in the cases Hutchison vs. Magrath — the same against Boyce and Stoney, and the Union Bank against McGrath, little further need be added. The rule does not alter the right of the successful litigant to put the judgment of the court on the file, nor does it lessen its force or meaning. It merely postpones the formula of entering it up as the final judgment.
The Act'of 1746 (7 Stat. 193) relates only to judgments still interlocutory — i. e. when the amount of the plaintiff’s demand is still to be ascertained by some judicial inquiry. That Act presupposes the demand still no more than a chose in action, at least in amount, and can therefore have no relation to a case like the one now before the court, where the amount has been ascertained by a judicial process under the Act of 1809, i. e. by the Clerk’s assessment. After that, nothing remained interlocutory, or inchoate— nothing for a future Judge, Jury or Clerk. For what end, then, could the writ of sci. fa. be issued 1 In the case of Dibble against Taylor, decided on Monday last, my brother Wardlaw has so fully presented both the practice and statutory law upon the precise question now before us, that, unless there be some difference between a debt assessed by the Clerk under the order of the Court, and that ascertained by the Judge himself — which difference I cannot perceive, this case is already settled by the decision in that. But as that decision refers to the present as authority on one point of that case, to wit, i. e. for entering up the judgment after the death of the defendant, Taylor- — and so far the two cases are identical; and they being cotemporaneous decisions, I add a brief supplement to his exposition and argument.
For that purpose, I extract the common law rule from 2 Tomlins, 290:
“At common law, a judgment, if entered during the *321 term, related to the first day of the term; and when a party was entitled to sign judgment, it might be altered during vacation, as of the preceding term”
Now, then, only change the 11th rule of court, which can alter no legal right, as may be seen in the three cases first referred to — only change it from the last to the first day of the court, i. e. make it express the law as it really is, and as just extracted, and the judgment being entered up accordingly, it would then be seen, by barely reading such judgment, that the notion of there being any abatement because the judgment was entered up after the death of the defendant, was merely ostensible, and not real, because the law of the plaintiff’s judgment is the same as if the rule were actually so changed. For so rational a construction of the rule of court, and making it conform to Jaw, there can be no more satisfactory authority than that taken by the defendant’s counsel in his argument from the venerable Plowden, 465, who says, “ the internal sense of an Act makes its law.” So here, the sense of the rule is in its application under the law, which the rule cannot alter or even modify, but follows implicitly. What then is the entire proposition of the Circuit Judge, sustained much more by the authoritative references in the case of Dibble vs. Taylor, than by any now offered 1 It is this: that the Act of 1809 puts the assessment of debt and interest by the Clerk, in the place of a verdict. The Act is remedial, and the substitution of the assessment must be identical in effect with verdicts.
The assessment, then, entered on the 8th of January, became as a decree of the Court; and'the subsequent death of the defendant could only abate, or rather suspend, further additional proceedings growing out of the judgment — not the judgment itself, which consists in the res judicata.
All the objections, when duly considered, admit perhaps of little question. But the interests of the creditors of the defendant to be effected by the lien of the plaintiffs’ prior judgment, called for this much consideration by the court. The appeal is unanimously dismissed.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.